UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **PREMIER BANK HOLDING** | ) | |
| **COMPANY,** | ) | CASE No. 12-40550-KKS |
| | ) | |
| | ) | |
| | ) | CHAPTER 11 |
| Debtor. | ) | |
| _____ | ) | |

**LIMITED OBJECTION BY THE UNITED STATES TRUSTEE TO
APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
SANDLER O'NEILL & PARTNERS, L.P.
AS FINANCIAL ADVISOR TO THE DEBTOR**

COMES NOW GUY B. GEBHARDT, Acting United States Trustee for Region 21, and pursuant to the authority and responsibility set forth in 28 U.S.C. Sections 586(a)(3)(D) and (G) and 11 U.S.C. Section 307, objects to the Application for Compensation and Reimbursement of Expenses of Sandler O'Neill & Partners, L.P. as Financial Advisor to the Debtor and states:

1. The Application for Compensation and Reimbursement of Expenses of Sandler O'Neill & Partners, L.P., as Financial Advisor to the Debtor (herein "Application") was filed on March 8, 2013 (docket no. 166), and supplemented on March 19, 2013 (docket no. 178). The Application seeks the approval and award of fees to Sandler O'Neill & Partners, L.P. in the amount of $36,600.00 and expenses in the amount of $58,316.00, totaling $94,916.00 for the period of August 14, 2012 through and including February 28, 2013. A hearing is set on the Application for May 15, 2013.

2. The Debtor, Premier Bank Holding Company (herein "Debtor"), filed a voluntary Petition under chapter 11 of the Bankruptcy Code on August 14, 2012. The Court entered an

Order authorizing the employment of Sandler O'Neill & Partners, L.P., as financial advisor to the Debtor on October 1, 2012.

    3. The Court's Order included approval of retention terms laid out by Sandler O'Neill & Partners, L.P. in the application for employment. The Order states that fees and expenses would be calculated according to the following terms:

> The Advisory Fee to be paid by the Debtor to Sandler O'Neill shall be an amount equal to 2.0% of the first $1,000,000 of the Total Consideration received by the Debtor under a Sale, plus 4.0% of the Total Consideration received by the Debtor in excess of $1,000,000 but less than $5,000,000, plus 6.0% of the Total Consideration received by the Debtor above $5,000,000. "Total Consideration" shall be defined as the total fair market value of (i) all consideration received or to be received by the Debtor in a Sale, including, without limitation, cash notes, securities and other property, or payments made in installments, and (ii) any obligation of the Debtor assumed by or paid in conjunction with a Sale.

    4. The award of professional compensation is governed by 11 U.S.C. §330(a)(1) which states:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to.... a professional person employed under section 327 or 1103 –
>
> (A) reasonable compensation for actual, necessary services rendered by the.... professional person...; and
> (B) reimbursement for actual, necessary expenses.

    5. The Application by Sandler O'Neill & Partners, L.P. states that the Debtor has now closed on the sale of substantially all of its assets, and Sandler O'Neill's services to the Debtor are now concluded. The Application also calculates Sandler O'Neill's fees as follows: the Total Consideration attributed to the Sale was $1,415,000.00. The first $1,000,000.00 of the Total Consideration was compensable at the 2% level, or $20,000.00, and the balance of $415,000.00 was compensable at the 4% level, or $16,600.00 for a total fees amount of $36,600.00.

6. Sandler O'Neill & Partners, L.P. calculates their expenses to total $58,316.00 including such costs as travel, meals, and lodging.

7. The Debtor has not yet filed a disclosure statement or plan in this case. Because there is no plan or disclosure statement to review, it is not possible to determine whether the Debtor will be able to fund a plan that can meet the confirmation standards of 11 U.S.C. § 1129(a) and pay the full amount of the requested fees and expenses to the Applicant. The Application supports an award for the services provided to date, yet it does not demonstrate that a full award of fees and expenses as requested is appropriate or prudent at this time. Without a plan filed by the Debtor there is no basis for the full award of the requested fees and expenses, the Application should be partially denied, and fees paid in a reduced amount pending confirmation of a plan.

8. The United States Trustee objects to the allowance and payment of the full amount of fees and expenses sought in the Application absent confirmation of a plan.

WHEREFORE, the United States Trustee objects to the Application for the reasons stated.

Respectfully submitted, this the 10th day of April, 2013.

>Guy G. Gebhardt
>Acting United States Trustee
>Region 21


>/s/ CHARLES F. EDWARDS
>Charles F. Edwards
>Assistant United States Trustee
>110 East Park Avenue, Suite 128
>Tallahassee, FL 32301
>850-942-1660
>FAX: 850-942-1669
>Florida Bar No. 270032
>charles.edwards@usdoj.gov

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing Objection, and all exhibits or attachments thereto, if any, was furnished by United States Mail first class postage prepaid to: Premier Bank Holding Company, PO Box 3606, Tallahassee, FL 32315-3606; Mark I. Duedall, Esq., Bryan Cave LLP, One Atlantic Center, Fourteenth Floor, 1201 W. Peachtree Street, NW, Atlanta, GA 30309-3488; Jason B. Burnett, Esq., GrayRobinson, P.A., 50 North Laura Street, Suite 1100, Jacksonville, FL 32202; and, Sandler O'Neill & Partners, L.P., 3424 Peachtree Road, NE, Suite 2050, Atlanta, GA 30326, on this the 10th day of April, 2013.

      /s/ CHARLES F. EDWARDS
      Charles F. Edwards