UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:                                                                    CASE NO. 12-40550-KKS

**PREMIER BANK HOLDING COMPANY,**

    Debtor(s).
_____/

**MARY W. COLÓN, CHAPTER 7 TRUSTEE,
ESTATE OF PREMIER BANK HOLDING
COMPANY,**

    Plaintiff,

vs.                                                                    Case No. _____

**WILLIAM REID PENUEL, REID PENUEL, PA,
and BRANCH BANKING AND TRUST COMPANY,**

    Defendants.
_____/

## COMPLAINT

Plaintiff, Mary W. Colón, chapter 7 trustee Premier Bank Holding Company files this action and states:

1. This complaint is a core proceeding.

2. Defendant William Reid Penuel is a Florida resident and former elected chapter 7 trustee in the bankruptcy of Premier Bank Holding Company.

3. Reid Penuel, PA is defendant William Reid Penuel's law practice.

4. Branch Banking and Trust Company is the financial institution Defendants William Reid Penuel and Reid Penuel, PA hold accounts in.

5. On 08/14/2012 Premier Bank Holding Company ("the Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code.

6. On 09/04/2013 this Court entered an order granting Debtor's motion to convert this case to chapter 7.

7. The initial 341 meeting of creditors was held on 10/15/2013 and William Reid Penuel was elected to serve as chapter 7 trustee.

8. An order confirming the election of William Reid Penuel was issued on 12/17/2013.

9. Estate funds in the amount of $909,461.88 were turned over to Defendant Penuel on 03/13/2014 by order of the Court dated 02/28/2014.

10. By order dated 08/04/2015, William Reid Penuel was removed as chapter 7 trustee.

11. The plaintiff is the duly appointed, qualified, and acting trustee of the estate of Premier Bank Holding Company.

12. Plaintiff was appointed on 08/05/2015 as the interim successor chapter 7 trustee.

13. During the time Defendant Penuel served as chapter 7 trustee, he represented he maintained an estate bank account at Branch Banking and Trust Company.

14. Defendant Penuel has also represented maintained other bank accounts at Branch Banking and Trust Company during the time he was serving as chapter 7 trustee.

15. Based on documentation filed in the bankruptcy, $417,766.80 remains on deposit in the estate account at Branch Banking and Trust Company[1].

16. There are approximately $145,000.00 in funds that have not been accounted for and are missing based on anlysis by the U.S. Trustee's office in the bankruptcy case.

17. Defendant Penuel represented to the Court in a hearing on 07/30/2015 that the monies missing were in his IOLTA account with Branch Banking and Trust Company.

    Judge Specie:… where is the money?

    Mr. PenueL: The money is in my IOLTA account.

    The Court: I –

    Mr. Penuel: And –

    The Court: -- T A?

    Mr. Penuel: And – yes, Your Honor. The issue became, I think, when this account was first set up, it wasn't set up correctly, and I think we tried for some time to get it set up correctly. I understand there is some rules in the statutory requirements on how the account is set up, being that it's a Trustee's Bankruptcy account for a bankruptcy case. I went to my bank at BB&T, which is where I bank and I have multiple accounts there, operating trust accounts, an IOLTA account, personal accounts.

    Transcript of July 30, 2015 hearing *In re Premier Bank Holding Company,* Case No. 12-40500, pg. 12, lines 1-15.

---

[1] By order dated 07/29/2015 these funds were frozen. By order dated 08/27/2015, Branch Banking and Trust has been directed to turnover the estate funds to Plainitiff – the interim successor chapter 7 trustee.

18. Defendant Penuel went on to talk about transfers back and forth between accounts and that he didn't know which accounts because they only had numbers on the deposit slips. Id. pg. 13, line 22 to pg. 14, line 25.

19. By order of this Court dated 08/04/2015 Defendant Penuel was to turnover the funds to the new trustee within 24 hours.

20. The funds were not provided.

21. This Court entered an order compelling Defendant Penuel to comply with the order and turnover funds by 09/01/2015.

22. The funds again were not provided.

23. Defendant Penuel has had no communication with Plaintiff.

## COUNT I
### Accounting
(William Reid Penuel)

24. Plaintiff incorporates by reference paragraphs one (1), two (2), and five (5) through twenty-three (23) above.

25. From 03/13/2014 to the present, William Reid Penuel, defendant, was in possession of estate funds for Premier Bank Holding Company chapter 7 bankruptcy case.

26. He was in possession pursuant to his appointment as chapter 7 trustee on 12/17/2013.

27. Defendant Penuel was removed as chapter 7 trustee on 08/04/2015 and has knowledge of his removal.

28. An accounting of the missing estate funds has been requested.

29. An accounting of what Defendant Penuel paid as chapter 7 trustee has been requested.

30. Both have been ordered by this Court to be provided to Plaintiff.

31. Defendant Penuel has failed to deliver funds or an accounting to Plaintiff.

WHEREFORE, Plaintiff requests this Court enter an order requiring Defendant Penuel to deliver the missing estate funds to Plainitiff, and to render an account to this Court of the disposition made by him of the property of the Debtor and grant Plainitff such further relief as this Court deems proper.

## COUNT II
### Injunction
(William Reid Penuel, Reid Penuel, PA and Branch Banking and Trust Company)

32. This is an adversary proceeding to obtain an injunction brought pursuant to Bankruptcy Rule 7001(7).

33. Plaintiff incorporates by reference paragraphs one (1) through twenty-three (23) above.

34. Plaintiff has instituted an action against Defendant Penuel to recover property of the estate.

35. Specifically Plaintiff is seeking recover of approximately $145,000.00 in missing estate funds.

36. Based on information and belief, said property is now in the possession of Defendant William Reid Penuel and Reid Penuel, PA, in accounts held at Branch Banking and Trust Company.

37. Defendant Penuel represented to the Court he has numerous accounts with Branch Banking and Trust and that the missing funds were in his IOLTA account or other accounts.

38. Defendant Penuel has ignored two order of this Court to turnover the funds. Accordingly, it would appear Defendant Penuel intends to dispose of said property.

WHEREFORE, Plainitiff prays for an injunction, forbidding Defendants William Reid Penuel, Reid Penuel, PA, or Branch Banking and Trust from transferring, spending, disbursing, or otherwise disposing of any funds from accounts held by William Reid Penuel and/or Reid Penuel, PA with Branch Banking and Trust Company until such time as Defendant has delivered an accounting of whether the funds on deposit are the missing estate funds.

DATED this September 3, 2015.

/s/ Mary W. Colón
MARY W. COLÓN
Florida Bar No. 0184012
Smith Thompson et al.
Post Office Box 14596
Tallahassee, Florida 32317
Telephone: (850) 241-0144
Fax: (850) 702-0735
trustee@marycolon.com